**Order filed November 21, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00313-CV

_____

### DONNY LEE BRETZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17,040**

## O R D E R

On October 18, 2013, Donny Lee Bretz filed a notice of appeal from the denial of his motion to rescind an order to withdraw funds from his inmate trust fund account. The trial court noted on the bottom of a letter sent by Bretz to the trial court regarding the earlier filed motion that relief was denied, and the court signed and dated the denial on August 21, 2013. Upon receipt of the docketing

statement and the notice of appeal, this court wrote Bretz and informed him that his notice of appeal appeared to be untimely under TEX. R. APP. P. 26.1. We requested that Bretz respond and either provide proof that the notice of appeal was timely filed or otherwise show grounds to continue this appeal. Bretz filed a response indicating that he did not receive notice of the trial court's denial until October 9, 2013, because the district clerk did not mail such notice until October 4, 2013, as reflected by the postmark on the envelope sent to him from the district clerk. Upon receiving notice of the denial, Bretz promptly filed a notice of appeal. We abate this appeal.

TEX. R. CIV. P. 306a provides that, if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, the appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. TEX. R. CIV. P. 306a.4; *see also* TEX. R. APP. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a.5; *see also* TEX. R. APP. P. 4.2(b). After hearing the motion, the trial court shall sign a written order indicating the date when the party first received notice or acquired actual knowledge of the signing of the judgment. TEX. R. APP. P. 4.2(c).

Bretz has not presented to this court any finding by the trial court reflecting the date that he received notice or acquired actual knowledge of the denial of his motion to rescind. Therefore, we will abate this appeal to provide Bretz an opportunity to file with the trial court the appropriate motion and obtain the requisite findings from that court. If a hearing is conducted, it may be conducted

2

by telephone or affidavit; a bench warrant is not required. The trial court clerk is directed to furnish the trial court's findings to this court on or before December 23, 2013. Upon receipt of the trial court's findings, this appeal will be reinstated.

The appeal is abated.

PER CURIAM

November 21, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.